JOHNNIE WILSON ET AL, TRUSTEES OF THE FOSTER COMMON SCHOOL DISTRICT NO. 4 V. R. E. THOMPSON ET AL*

No. A-8472. Decided July 3, 1961
(348 S. W. 2d Series 17)

---

*For opinion of Court of Civil Appeals see 348 S.W. 2d 244.

*Alfred H. Summers*, of Palestine, for appellants.

*McCain, Stanford & McCain*, of Palestine, for appellees.

PER CURIAM.

Upon original submission of this cause in the Houston Court of Civil Appeals, that Court dismissed the appeal with an opinion by the Honorable Ewing Werlein, Associate Justice.

Pending rehearing, the Presiding Judge of the Court of Civil Appeals has certified to this Court the following question in accordance with the provisions of Rule 461, Texas Rules of Civil Procedure, viz:

"Does Article 2276, V.A.T.S., Acts 1909, SS, p. 284, relieve the trustees of a common school district and district trustees of a rural high school district from filing an appeal bond as required by Rule 354, T.R.C.P.?"

■ Ordinarily this Court would dismiss the certificate as this cause could have lawfully reached this Court by writ of error, Articles 1728 and 1821, Vernon's Ann. Tex. Stats., Rule 461, and in all probability could have been disposed of more expeditiously under the writ of error practice. However that may be, the Court of Civil Appeals has certified the question and has withheld passing upon the motion for rehearing filed in that Court pending action by this Court.

The certificate shows that emergency conditions require an early disposition of this cause. We accordingly consider the certified question and answer the same in the negative. Stuart Ind. School Dist. v. Wilson Ind. School Dist., Tex. Civ. App., 60 S.W. 2d 484, wr. ref. No motion for rehearing will be entertained. We agree with the opinion prepared by the Honorable Ewing Werlein of the Court of Civil Appeals. It fully states the case and discusses the reasons why it must be held that appellants are not exempt from filing an appeal bond by the provisions of Article 2276. The following portion of such opinion is incorporated as a part hereof:

"The pertinent part of Article 2276 reads as follows:

" 'Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case.'

■ "The question is whether such article relieves appellants from giving an appeal bond in this case. The Court of Civil Appeals in the Brockmeyer case [Amarillo Ind. School Dist. v. Brockmeyer, 292 S.W. 2d 886, no wr. hist.], held that the conducting of public schools by the trustees of a common school district or trustees of an independent school district, is the exercise of a governmental power for the benefit of the entire state by a governmental agency and that a school district could appeal without filing an appeal bond. As authority for its holding, the court cited Article 2276, V.A.T.S.; Braun v. Trustees of Victoria Independent School District, Tex. Civ. App., 114 S.W. 2d 947, wr. ref.; Vernon's Texas Constitution, Article VII, Sec. 1; and Sour Lake Independent School Dist. v. Easterling, Tex. Civ. App., 142 S.W. 2d 237, writ ref.

"The Braun case cited in the Brockmeyer case merely holds that an independent school district is an agency of the State, and while exercising governmental functions, it is not answerable for its negligence in a suit sounding in tort. No question with respect to an appeal bond was involved in that case. The Easterling case involves a tax suit. The court's decision is based upon its construction of Articles 7333 and 7297, V.A.T.S., which have no relevancy to the instant case.

"Article 2276 very specifically exempts the State of Texas, counties in the State, the Railroad Commission of Texas, and any heads of any department of the State of Texas. Executors, administrators and guardians appointed by the courts of this State are also not required to give bond on any appeal or writ of error taken by them in their fiduciary capacity. Appellants contend that school districts are included in the exemption applying to 'the head of any department of the State of Texas.' Such provision has been applied to the Comptroller of Public Accounts of the State of Texas (Lane v. Hewgley, 155 S.W. 348, no writ history) ; to special agents for the Commissioner of Insurance and Banking (Collier v. Smith, 169 S.W. 1108, writ refused) ; to the Prison Commission of the State of Texas (Herring v. Houston Nat. Exch. Bank, Tex. Sup. 1923, 253 S.W. 813) ; to the

Commissioner of Insurance and Banking (Hall v. Eastland County, 254 S.W. 1113, no writ history) ; and to the Texas Teacher Retirement System (Teacher Retirement System v. Duckworth, 260 S.W. 2d 632, aff'd 153 Tex. 141, 264 S.W. 2d 98.)

"It will be noted that all of the above agencies operate at the State level of government rather than the local level. It is also significant that the Legislature, after enacting Article 2276, V.A.T.S., exempting counties from giving a bond on appeal or writ of error, has by later legislation specifically exempted a number of other local governmental agencies. Article 1174, Acts 1913, p. 307, exempts all cities from filing an appeal bond. Article 7880-126a, Acts 1932, 42nd Leg., 3rd C.S. p. 54, Ch. 23, § 1, exempts Water Control and Improvement Districts established to be 'Municipal Districts' under the provision of Section 18 of Chapter 280 of the Acts of the 41st Legislature of Texas. Article 2276a provides:

" 'No water improvement district, nor any water control and improvement district, nor any water control and preservation district, nor any levee improvement district, nor any drainage district * * * shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case. Acts 1933, 43rd Leg., p. 131, ch. 62, § 1.'

"It seems obvious that the State Legislature in enacting legislation exempting the above mentioned local governmental agencies from giving an appeal bond, must have been of the view that Article 2276 did not exempt governmental agencies operating on a local level from the necessity of filing an appeal bond. As also persuasive, see Ploch v. Dickison, Tex. Civ. App., 223 S.W. 2d 568, in which it was held that the county judge and commissioners of Bexar County, although acting within their official capacity for the county, were not relieved from the requirement of giving an appeal bond, since the county was not made a party to the suit.

"In Chapel Hill Independent School District v. Heath, Tex. Civ. App., 1954, 272 S.W. 2d 377, no writ history, the court held that it acquired no jurisdiction of the case since the School District failed to file an appeal bond or affidavit in lieu thereof within the time prescribed by Rule 356, T.R.C.P., and failed to comply with Rule 381, T.R.C.P., prescribing the time within which to file the statement of facts. We are in accord with the holding in that case. While it may be advisable to relieve school

districts from the necessity of giving appeal bonds, the relief must come from the Legislature and not from the courts.

"It is our view that the Legislature did not intend that the language, 'the head of any department of the State of Texas,' should include local political subdivisions even though they are bodies corporate and engaged in governmental functions."

Certified question is answered in the negative.