**FORT BEND INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**Walter J. WEISS, Appellee.**

**No. 17152.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1978.

Dexter D. Joyner, Pasadena, Charles R. Slone, Richmond, for appellants.

Byrnes, Myers, Adair, Campbell & Sinex, Jay S. Siskind, Houston, for appellee.

PEDEN, Justice.

Walter J. Weiss brought this suit for injunctive relief from the payment of certain taxes due in 1975 and 1976 against the Fort Bend Independent School District (the District), its Tax Assessor-Collector, the three members of its Board of Equalization, officially and individually, the City of Sugarland (the City) and the Tax Assessor-Collector of the City. The trial court granted Weiss's motion for summary judgment enjoining the District and the City from enforcing the increased assessment in the year 1975 and ordering them to refund the payments he made in excess of his 1974 valuation. The court severed all issues in controversy pertaining to the 1975 tax year. The District and the City say that the summary judgment evidence raised a material issue of fact as to whether Weiss paid under duress and that one who voluntarily pays an illegal tax has no claim for repayment. Appellants also contend that their motions for summary judgment should have been granted because appellee's payment of his 1975 taxes operates to estop him from disputing liability.

We agree with the appellee's position that the appeals of all appellants except the City must be dismissed because no appeal bonds were filed and the City is the only appellant excused from filing one. We affirm the trial court's judgment as to the City. It is uncontroverted that the District and the City increased Weiss's property valuations for the 1975 tax year without notifying him that they intended to do so. Weiss paid his 1975 taxes in full on December 12, 1975, and the trial court found that he paid them "under protest and duress because statutory penalty and interest would be imposed . . . beginning February 1, 1976 . . ." Defendants Fort Bend Independent School District, its Board of Equalization and Tax Assessor-Collector, the City of Sugarland and its Tax Assessor-Collector sought and obtained from the district clerk a waiver of appeal bond.

Appellee contests the jurisdiction of this court over the appeals of the defendants other than the City on the ground that only the City is excused from filing an appeal bond. Independent school districts are not relieved by Article 2276, V.T.C.S.,

from filing appeal bonds, *Wilson v. Thompson,* 162 Tex. 390, 348 S.W.2d 17, 19 (1961), but are not required to file appeal bonds in suits they institute to collect delinquent taxes. *Sour Lake Independent School Dist. v. Easterling,* 142 S.W.2d 237, 238 (Tex.Civ. App.1940, writ ref.); Articles 7297 and 7343 V.T.C.S. This is not such a case. The District is not exempt under those statutes, and neither are its officials. The District filed a supersedeas bond on February 6, 1978. A supersedeas bond, if filed on time, may also serve as a cost bond. *Jones v. Banks,* 331 S.W.2d 370 (Tex.Civ.App.1960, no writ); 4 Tex.Jur.2d (Part 1) 106. In our case, the appellants' motion for new trial was overruled by operation of law on December 24, 1977, more than 30 days before the supersedeas bond was filed. An appeal bond must be filed within 30 days after the overruling of the motion for new trial. Rule 356, T.R.C.P. Only the City has preserved the right to appeal this case.

The City contends in its first point of error that there is a fact issue as to whether Weiss voluntarily paid his taxes in 1975. Its second point asserts the rule that one who voluntarily pays an illegal tax has no claim for repayment absent a specific statute. See Howell, 21 Texas Practice-Property Taxes 466, § 353 (1975).

> This Court has consistently held that the voluntary payment of an illegal tax will not support a claim for repayment; but that a payment under duress, which may be either express or implied, is not a voluntary payment and may be recovered.

*State v. Conn. Gen. Life Ins. Co.,* 382 S.W.2d 745, 746–47 (Tex.1964). The issue in our case is whether the taxpayer was acting under duress when he paid his 1975 tax. ▮ Weiss stated in an affidavit that he did not voluntarily pay his 1975–1976 taxes but that when defendants refused his tender of the amount he calculated to be due, he paid the taxes as assessed to escape penalty and interest charges and to request relief from the courts. The only testimony in the record controverting this statement is that of two of the defendants in their answers to interrogatories propounded by Weiss. Answers to interrogatories are admissable only against the parties answering them. *Sprouse v. Texas Empl. Ins. Assoc.,* 459 S.W.2d 216 (Tex.Civ.App.1970, writ ref. n. r. e.); *Jeffrey v. Plotnick,* 532 S.W.2d 99 (Tex.Civ.App.1975, no writ); Rule 168, T.R. C.P. For this reason and because the answers are mere conclusions that Weiss's payment was voluntary, there is no evidence tending to controvert his affidavit. This testimony of a party was clear, positive and direct, credible, free from contradictions and inconsistencies, and could have been controverted. The trial judge was entitled to accept it. Rule 166–A.

> " . . . Where a legislative act by its terms visits upon a taxpayer the penalties and punishments prescribed by these Acts for failure to pay an illegal tax, such taxpayer need not take the risk of incurring such penalties and punishments, while the invalidity of such taxes are being judicially ascertained, in order to preserve his rights as a taxpayer under duress."

*Crow v. City of Corpus Christi,* 146 Tex. 558, 209 S.W.2d 922, 924 (1948), quoting *National Biscuit Co. v. State,* 134 Tex. 293, 135 S.W.2d 687, 693 (1940). Weiss would have been liable for penalties and interest had he refused to pay the tax as assessed. Article 7336, V.T.C.S.

A factually similar case is *City of San Antonio v. Grayburg,* 259 S.W. 985 (Tex. Civ.App.1924, no writ). The City tax collector in that case also refused to accept the taxpayer's payment of the amount assessed less the contested item. The court held that the payment of the full amount in order to avoid the accrual of a penalty constituted an involuntary payment of an improperly assessed and collected tax and allowed a recovery.

Weiss's affidavit is sufficient on its face to establish facts which if proven at trial would entitle him to an instructed verdict if his opponents did not show opposing evidentiary data which would raise a material issue of fact, so he was entitled to summary judgment. *Gulf, Colorado & Santa Fe*

*Rwy. Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492, 500 (1959); T.R.C.P., Rule 166–A. The evidence raised no issue of material fact on the 1975 tax year.

 Appellant's cross point asserts error in the court's denial of its motion for summary judgment because Weiss had paid his 1975 taxes and was therefore estopped from disputing liability for those taxes. Appellant did not plead estoppel as an affirmative defense. A movant-defendant's failure to plead an affirmative defense renders his motion for summary judgment based on that defense insupportable. *DeBord v. Muller,* 446 S.W.2d 299, 301 (Tex. 1969); Rule 94, T.R.C.P.

The appellee's motion to dismiss the appeals taken by all the appellants except the City of Sugarland is granted. The judgment of the trial court as to the City of Sugarland is affirmed.