Bailey MARSHALL, et al., Appellants,

v.

Billy Bob BROWN, et al., Appellees.

No. 07–82–0036–CV.

Court of Appeals of Texas, Amarillo.

April 29, 1982.

Rehearing Denied June 30, 1982.

Mark White, Atty. Gen., Virginia Ellen Daugherty, Chris Hanger, Asst. Attys. Gen., John Fainter, Jr., First Asst. Atty. Gen., Richard E. Gray, III, Executive Asst. Atty. Gen., Paul R. Gavia, Asst. Atty. Gen., Austin, for appellants.

Wayne B. Barfield, Edward L. Poole, Amarillo, for appellees.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Billy Bob Brown, individually and as next friend and father of Kevin Brown, and Kevin Brown, individually and as representative of a class of varsity athletes, brought this action to enjoin Bailey Marshall, the University Interscholastic League and the Panhandle Independent School District, from enforcing the "summer camp rule."[1] The trial court certified the proceedings as a class action. At the initial injunctive hearing, the court ordered the granting of a temporary injunction and, upon the stipulation that the same evidence and argument of counsel be considered in granting a permanent injunction, the court ordered the issuance of a permanent injunction prohibiting the enforcement of the rule.[2]

---

1. The rule is stated in Article VIII, § 21 of The University Interscholastic League Constitution and Contest Rules thusly:

> Sec. 21. *Training Camps.*—Any student who attends a special athletic training camp in football, basketball, or volleyball shall be ineligible for a period of one year from the date he enrolls in the camp in the sport or sports for which he attended the camp. This does not apply to *bona fide* summer camps giving an overall activity program to the participants.
>
> *This constitutional provision does not apply in the case of a person who attends an athletic training camp in football or basketball which is legal under the rules of the state in which he or she then lives, and then makes a bona fide change of residence to Texas,*

> *provided that there has been no deliberate attempt to circumvent the rule.*

2. Specifically, the decretal part of the court's order reads, verbatim:

> IT IS ORDERED, ADJUDGED and DECREED that the defendants, Bailey Marshall, the University Interscholastic League, and the Panhandle Independent School District, their officers, agents, employees, successors in office and those persons acting in active consort with them should be and they are individually and jointly permanently restrained and enjoined from enforcing or following any regulation or policy denying plaintiff, Kevin Brown, and the other members of the Class, the rights to participate in interscholastic basketball competition based

The University Interscholastic League and its director, Bailey Marshall (both hereinafter referred to as the UIL), represented by the Attorney General of Texas, and the Panhandle Independent School District (hereinafter referred to as PISD), represented by private counsel, filed written notices of appeal. *See* Tex.R.Civ.P. 354 & 356. Submitting the appellate record, the UIL and PISD contend that the trial court erred in certifying a class, and abused its discretion both in failing to apply the law to the undisputed facts and in finding that the UIL was not a state agency.[3]

As a first response, Brown (an appellation for all of the plaintiffs) moved for a dismissal of the UIL's appeal. The basis of Brown's motion is that this Court has no jurisdiction of the appeal because the UIL failed to properly and timely execute a bond for costs. The UIL replied, contending that no appeal bond was necessary because it has status as a state entity.[4] Alternatively, the UIL requests that we consider vacating the order of the trial court and remanding these proceedings for a further inquiry into its exact status, even though, as recorded in marginal note 3, the trial court has passed on the status of the UIL.

■ A court must notice, even sua sponte, the matter of its own jurisdiction, for jurisdiction is fundamental in nature and may not be ignored. *Lamka v. Townes,*

465 S.W.2d 386 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.). The question whether the UIL is "excused by law" from giving security for costs so as to invoke, by notice of appeal, the jurisdiction of the appellate court to entertain the merits of its appeal was decided this day in *University Interscholastic League v. Payne,* No. 07–81–0285–CV (Tex.App.—Amarillo, April 29, 1982, not yet reported). There, after an extensive inquiry into the UIL's appellate status, including the status it now claims, we held, on the rationale expressed, that the UIL is not "excused by law" from giving security for costs in order to perfect an appeal. As a result, we dismissed the appeal in *Payne* for want of jurisdiction.

■ The record before us neither warrants a different determination nor justifies further inquiry into the UIL's appellate status. We have carefully reviewed the record upon which the trial court made its factual finding respecting the UIL's status. It suffices to state that the finding is supported by evidence of probative force and, thereby, we are bound by the finding. *Tenneco, Inc. v. Polk County,* 560 S.W.2d 416, 417 (Tex. Civ.App.—Beaumont 1977, no writ). Moreover, the organizational aspects of the UIL as revealed by this record were fully explored in *Payne* preliminarily to our finding that the UIL is not "excused by law" from giving the security legally required to per-

on his or her participation in a summer basketball camp, and from the defendants, Bailey Marshall, the University Interscholastic League, and the Panhandle Independent School District, their officers, agents, employees, successors in office and those persons acting in active consort with them enforcing or following any regulation or policy reprimanding or punishing Panhandle High School of the Panhandle Independent School District, any high school with whom they play or any high school which is a member of the University Interscholastic League playing a student who is a member of the Class now or in the future because plaintiff, Kevin Brown, and the other members of the Class, attended a summer basketball camp.

3. In addressing the UIL's status factually and legally, the court entered this factual finding:
　　20. That The University of (sic) Interscholastic League is a voluntary non-profit association of public schools which is a part of the

Division of Continuing Education of the University of Texas. All public schools are eligible for membership in The University Interscholastic League and its conduct has been held to constitute State action. However, the University of (sic) Interscholastic League is not a State agency. And in recording its conclusion of law no. 9, the court echoed the factual finding, and, to its determination that the UIL is not a state agency, added "as a matter of law."

4. The UIL asserts that no appeal bond was posted because of the teachings of the Texas Supreme Court in holding that no appeal bond was necessary for the Liquor Control Board in *Ammex Warehouse Co. v. Archer,* 381 S.W.2d 478 (Tex.1964), and further credits *Ammex* for its position "that the act of giving notice of appeal acted as a supersedeas to stay the enforcement of the lower court order."

fect an appeal. The rationale and holding expressed in *Payne* are peculiarly applicable to the UIL's appeal. Therefore, Brown's motion to dismiss the UIL's appeal for want of jurisdiction is granted.

As a facet of noticing the matter of jurisdiction, we also noticed, as previously mentioned, that PISD also only gave notice of appeal. Twenty years ago, it was concluded that independent school districts were not relieved from the necessity of giving appeal bonds to perfect appeals. *Wilson v. Thompson*, 162 Tex. 390, 348 S.W.2d 17, 19 (1961). Hence, because PISD, like the UIL, failed to perfect its appeal by providing the security required by law, this Court has no jurisdiction over the merits of the appeal.

The appeal is dismissed for want of jurisdiction.