PLANO INDEPENDENT SCHOOL
DISTRICT, et al., Appellant,

v.

Robert G. OAKE, Appellee.

No. 05–83–01388–CV.

Court of Appeals of Texas,
Dallas.

Nov. 2, 1984.

Rehearing Denied Dec. 6, 1984.

John Stooksberry, Boyd, Veigel, Gay & McCall, McKinney, Henry D. Akin, Dallas, for appellant.

Robert G. Oake, Jr., Dallas, for appellee.

Before AKIN, SPARLING, and WHITHAM, JJ.

WHITHAM, Justice.

This suit between a plaintiff-property owner, the appellee, Robert G. Oake and the defendant-appellant taxing authorities, Plano Independent School District, Collin County, Charles W. Binford, Jr., acting tax collector for Plano Independent School District and Don Caldwell, chief of the Collin County Central Appraisal District, arises from the undisputed fact that

the boundary line between Dallas County and Collin County running through Oake's property cannot be presently located. The trial court granted summary judgment in favor of Oake permanently enjoining the taxing authorities from assessing or collecting taxes on Oake's property until the county boundary between Dallas County and Collin County is established by law. The taxing authorities appeal. We notice sua sponte that the Plano Independent School District, Charles W. Binford, Jr., acting tax collector for Plano Independent School District, and Don Caldwell, chief of the Collin County Central Appraisal District, failed to file appeal bonds. Consequently, we dismiss the appeals of the Plano Independent School District, Charles W. Binford, Jr., acting tax collector for Plano Independent School District, and Don Caldwell, chief of the Collin County Central Appraisal District, for want of jurisdiction. We conclude that Collin County was not required to file an appeal bond. We conclude that the trial court erred in granting summary judgment in favor of Oake, and against Collin County. Accordingly, we reverse and remand Oake's action against Collin County.

■ Our examination of the record reflects that Plano Independent School District and Charles W. Binford, Jr., acting tax collector for Plano Independent School District, failed to file the cost bond, *i.e.*, appeal bond required by Tex.R.Civ.P. 354 (Vernon Supp.1983). A court must notice, even sua sponte, the matter of its own jurisdiction, for jurisdiction is fundamental in nature and may not be ignored. *Marshall v. Brown*, 635 S.W.2d 578, 580 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). Hence because the independent school district, and its tax collector, failed to perfect their appeal by providing the security required by law, this court has no jurisdiction over the merits of the appeal. *Marshall*, 635 S.W.2d at 581. Independent school districts are required to post appeal bonds, *Wilson v. Thompson*, 162 Tex. 390, 348 S.W.2d 17, 18–19 (1961) (on certified question); *Marshall*, 635 S.W.2d at 581, except in delinquent tax suits, *Brady Indepen-*

*dent School District v. Davenport*, 663 S.W.2d 637, 638–39 (Tex.App.—Austin 1983, no writ). A taxpayer-initiated suit to enjoin the collection of taxes is not a delinquent tax suit. *See Fort Bend Independent School District v. Weiss*, 570 S.W.2d 241, 243 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). We conclude, therefore, that we have no jurisdiction of the appeal of the Plano Independent School District and Charles W. Binford, Jr., acting tax collector for Plano Independent School District. Consequently, we must dismiss the appeal of the Plano Independent School District and Charles W. Binford, Jr., acting tax collector for Plano Independent School District, for want of jurisdiction. *Marshall*, 635 S.W.2d at 581; *Wilson*, 348 S.W.2d at 246 (in accordance with answer to certified question).

■ Our examination of the record also reflects that Don Caldwell, chief of the Collin County Appraisal District, and Collin County, failed to file the cost bond, *i.e.*, appeal bond required by rule 354. An appeal bond, however, was not required of Collin County. TEX.REV.CIV.STAT.ANN. art. 279a (Vernon 1973) & TEX.REV.CIV. STAT.ANN. art. 2276 (Vernon 1971). The Collin County Central Appraisal District, however, is not Collin County. The Collin County Central Appraisal District is made a political subdivision of the State by the statute creating appraisal districts. TEX. PROP. TAX CODE ANN. § 6.01(c) (Vernon 1982 & Vernon Supp.1984) provides "[a]n appraisal district is a political subdivision of the state." We find no exemption for an appraisal district created under the property tax code from the requirement to file an appeal bond in the present case. We are cognizant of section 42.28 of the property tax code providing:

A party may appeal the final judgment of the district court as provided by law for appeal of civil suits generally, except that an appeal bond is not required of the chief appraiser, the county, the State Property Tax Board, or the commissioners court.

That exemption from an appeal bond, however, pertains to appeals from adverse judgments in proceedings initiated as a petition for review with the district court under section 42.21(a) of the property tax code which reads:

A party who appeals as provided by this chapter must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had; failure to timely file a petition bars any appeal under this section.

Those dissatisfied parties entitled to appeal by petition for review to the district court are as identified in sections 42.01, 42.02, 42.03, 42.031 of the property tax code. The present case is not such an appeal and did not originate as a petition for review under property tax code section 42.21(a). We hold, therefore, that section 42.28 of the property tax code affords no exemption to Don Caldwell, chief of the Collin County Central Appraisal District, from the requirement to file an appeal bond in the present case. Consequently, we conclude that we must treat appraisal districts as we do their sister political subdivisions; independent school districts. We conclude further, therefore, that we have no jurisdiction of the appeal of Don Caldwell, chief of the Collin County Central Appraisal District. Accordingly, we must dismiss the appeal of Don Caldwell, chief of the Collin County Central Appraisal District, for want of jurisdiction.

Collin County properly filed the written notice of appeal mandated by TEX.R. CIV.P. 356(c) when a bond for costs on appeal is not required by law. Therefore, we reach the merits of the appeal of the remaining appellant, Collin County. It is undisputed that Oake's property is situated in both Dallas County and Collin County. The unknown factor is the location of the boundary line between the two counties. Oake's undisputed summary judgment proof by affidavit of the surveyor for Dallas County established that "[d]ue to the absence of ground markers, it is presently impossible to determine the exact location of the Dallas County-Collin County boundary line. With extensive additional surveying, however, it would be possible to locate this boundary line." In its brief, Collin County tells us that "[t]he location of the county boundary line between Dallas County and Collin County which runs through [Oake's] property is not definitely fixed due to the absence of ground markers." In its judgment, the trial court determined "that the boundary line between Dallas County and Collin County is presently indefinite." Oake contends that his undisputed showing that the boundary line is presently indefinite is sufficient to support permanent injunction enjoining Collin County from assessing or collecting taxes on his property until the county boundary between Dallas County and Collin County is established by law. To the contrary, Collin County asserts that to be entitled to an injunction enjoining the assessment and collection of the taxes it was incumbent upon Oake to establish that the property sought to be taxed does not lie within the boundaries of Collin County. In short, Collin County argues that it is Oake's burden as plaintiff-movant to locate the boundary line.

From 1969 to 1980, Oake paid all taxes in full on his property when due to Dallas County and the Richardson Independent School District. During this time period Collin County did not attempt to assess or collect taxes on Oake's property. Oake's payment of taxes to Dallas County and to the Richardson Independent School District was pursuant to an agreement between the tax assessors of Dallas County and Collin County. Apparently, that agreement ceased to be operative for the year 1981 and subsequent years. For the year 1981 and subsequent years, Collin County asserts the right to assess and collect taxes on that portion of Oake's property which it has determined to be situated in Collin County. The record is not clear as to the process used by Collin County to determine what portion of Oake's property is allegedly situated in Collin County.

 Oake advances two challenges to the right of Collin County to assess and

collect these taxes. First, Oake relies upon his reading of TEX.REV.CIV.STAT.ANN. art. 7154, 1879 Gen. Laws, Local & Spec. 8, 153, *repealed by* Acts of June 13, 1979, ch. 841, § 6(a)(1), 1979 Tex.Gen. & Special Laws 2329.[1] Although repealed effective January 1, 1982, Oake argues that we should judicially extend repealed article 7154 for years subsequent to 1981. Enacted in 1879 and never judicially construed, article 7154 read as follows: "Lands lying on county boundaries, which have not been accurately and legally surveyed, determined or fixed, shall not be assessed or taxed in more than one county." Oake finds support for his challenge in his reading of article 7154. Oake tells us in his brief that "Article 7154 ... states that lands lying on an indefinite county boundary line shall not be assessed or taxed in more than one county." We fail to find that language in the statute. Furthermore, we read article 7154 differently. We interpret the statute to limit assessment and collection of taxes to but one county in those situations in which county boundaries had not yet been "accurately and legally surveyed, determined or fixed." We do not interpret the statute to apply to the situation in the present case in which Oake's own summary judgment proof established an original survey but only missing ground markers. We quote more fully from the affidavit of the surveyor for Dallas County in support of Oake's motion for summary judgment:

> I am the Surveyor in and for Dallas County, Texas and have held this position since 1944. I have studied maps of the location of the boundary between Dallas and Collin County and am familiar with the land located on said boundary area. Due to the absence of ground markers, it is presently impossible to determine the exact location of the Dallas County-Collin County boundary line. With extensive additional surveying, however, it would be possible to locate this boundary line.

This tells us that the boundary was once located and appears on maps and that missing ground markers are the present problem in relocating the boundary. Thus, article 7154 can have no application where the boundary has once been determined or fixed. Consequently, we conclude that article 7154 does not support Oake's challenge to the right of Collin County to assess and collect taxes on a portion of his property. Therefore, we need not reach Oake's novel argument that we may judicially extend a statute repealed by the legislature. For the same reason, we need not reach Collin County's contention that article 7154 is unconstitutional under TEX. CONST. art. VIII, § 11, providing that "[a]ll property, whether owned by persons or corporations shall be assessed for taxation, and the taxes paid in the county where situated." Thus we find no merit in Oake's first challenge to the right to assess and collect the taxes.

 Next, we turn to Oake's second challenge to the right to assess and collect the taxes. Oake insists that should his reliance upon article 7154 fail, the trial court's judgment must still be affirmed because it is Collin County's burden to prove that his land is within its taxing jurisdiction. We disagree. There is a presumption that the taxing authority did not assess any land not located within its district. *Crocker v. Santo Consolidated Independent School District,* 116 S.W.2d 750, 756 (Tex.Civ.App.—Eastland 1938, writ dism'd). In an action to restrain the collection of taxes, the burden is on plaintiff to show that the taxes are not due and owing by him. *McMahan v. Morgan,* 151 S.W. 1123 (Tex.Civ.App.—Dallas 1912, no writ). In the absence of evidence to the contrary, the presumption is that the assessment was properly made; and if the assessment was open to inquiry, the burden of proving its incorrectness was on the plaintiff. *Nolan v. San Antonio Ranch Co.,* 81 Tex. 315, 16 S.W. 1064, 1065 (1891). Plaintiff had the burden of locating the true boundary line on the ground by com-

---

1. TEX. PROP. TAX CODE ANN.

petent evidence. *Brown v. Eubank,* 378 S.W.2d 707, 711 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.). Movant for summary judgment has the burden of establishing his entitlement to summary judgment by conclusively proving all essential elements of his cause of action or a defense as a matter of law. *State v. American Legion Post No. 58,* 611 S.W.2d 720, 723 (Tex.Civ. App.—El Paso 1981, no writ). It follows, and we so hold, that Oake had the burden of locating the true boundary line between Dallas County and Collin County which runs through his property and that Oake failed to meet that burden. It further follows, and we so hold, that the presumption that Collin County did not assess any property that was not situated in Collin County stands unrebutted. Thus, we find no merit in Oake's second challenge to the right to assess and collect the taxes.

■ Accordingly, we conclude that the trial court erred in granting summary judgment in favor of Oake and against Collin County because Oake failed to present any summary judgment evidence to discharge his burden to establish that the property sought to be assessed and taxed does not lie within the boundaries of Collin County. Collin County's first point of error is sustained. In light of our holding, we do not reach Collin County's remaining five points of error, nor do we reach Oake's cross-points complaining of the trial court's refusal to award him attorney's fees under the Uniform Declaratory Judgments Act, TEX.REV.CIV.STAT.ANN. art. 2524–1, § 10 (Vernon Supp.1984). Moreover, as to this or any other actions in which Collin County seeks to recover taxes from Oake, we express no opinion on the question whether proof that the boundary line between Dallas County and Collin County running through Oake's property cannot be located would be sufficient to rebut the presumption that Collin County did not assess any property that was not situated in Collin County, thus shifting the burden to Collin County to establish the boundary line between Dallas County and Collin County running through Oake's property.

That question is not before us in the present case.

The appeals of the Plano Independent School District, Charles W. Binford, Jr., acting tax collector for the Plano Independent School District, and Don Caldwell, Chief of the Collin County Central Appraisal District, are dismissed for want of jurisdiction. We reverse the trial court's judgment against Collin County and we vacate and set aside the trial court's permanent injunction enjoining Collin County from assessing or collecting taxes on Oake's property until the county boundary between Dallas County and Collin County is established by law. We remand Oake's action against Collin County to the trial court. All costs in this court are taxed against Oake.