Charles WILCOX and J.W. Hamersley, Appellants,

v.

Oscar W. SEELBINDER, Jr., Individually and as Trustee for SMPO, Appellee.

No. 08–92–00342–CV.

Court of Appeals of Texas, El Paso.

Sept. 23, 1992.

Rehearing Overruled Nov. 18, 1992.

Bill Davis, Lubbock, for appellants.

Don Dennis, Lubbock, Jimmy L. Ross, Dimmitt, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

PER CURIAM.

This case presents yet another question of whether a court of appeals may dismiss an appeal when an appellant files a notice of appeal, but should have filed an appeal bond in order to perfect the appeal. We find, under the limited facts and circumstances presented in the instant case, that this Court may do so and accordingly dismisses the appeal.

## I. PROCEDURAL HISTORY

Judgment in the instant cause was entered on June 23, 1992 in the 106th District Court of Gaines County, Texas, Cause No. 91–02–11,934. A notice of appeal was filed

on July 7, 1992, within thirty days from the date of judgment. Insofar as no motion for new trial was filed, an appellate cost bond was required to be filed on or before July 23, 1992. Appellant's cost bond was filed on August 17, 1992. No motion for extension of time in which to file cost bond was filed with nor granted by the appellate court as required by Tex.R.App.P. 41(a)(2).[1]

## II. DISCUSSION

■ Appellant, citing *Grand Prairie v. Southern Parts Imports, Inc.*, 813 S.W.2d 499 (Tex.1991), contends that the simple filing of a notice of appeal is sufficient to perfect his appeal of ·the instant case and thus invoke the jurisdiction of this Court, in the absence of the filing of the requisite appeal bond.[2] To the extent that Appellant has failed to demonstrate the existence of a statutory exception for the filing of the requisite appeal bond or in the alternative, a bona fide attempt to comply with the law and perfect his appeal, pursuant to Tex. R.App.P. 41(a)(1), we disagree.

The Texas Supreme Court, in *Grand Prairie*, 813 S.W.2d at 499, 500, held "[i]f the Appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the

instrument **required by law or our Rules to perfect the appeal.**" [Emphasis added]. The facts and circumstances in *Grand Prairie*, and the cases cited therein, are readily distinguishable from the instant case.

In *Grand Prairie*, the school district timely filed a notice of appeal pursuant to Texas Rules of Appellant Procedure 40(a)(2).[3] While school districts are generally required to give security for costs in order to perfect appeal, they are exempt from the bond requirement if the appeal is founded on a suit to collect delinquent taxes. *See Grand Prairie v. Southern Parts Imports, Inc.*, 803 S.W.2d 762, 763 (Tex. App.—Dallas 1991), *rev'd on other grounds*, 813 S.W.2d 499 (Tex.1991); *Wilson v. Thompson*, 162 Tex. 390, 391–394, 348 S.W.2d 17, 18–19 (1961) (per curiam); *Plano Independent School District v. Oake*, 682 S.W.2d 359, 361 (Tex.App.—Dallas 1984), *rev'd on other grounds*, 692 S.W.2d 454 (Tex.1985); *Marshall v. Brown*, 635 S.W.2d 578, 581 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.); Tex.Tax Code Ann. § 33.49(a) (Vernon 1982). The issue thus presented in *Grand Prairie* before the court of appeals was a bona fide dispute whether an appellate cost bond was *required by law or our rule of procedure to perfect the appeal* pursuant to Tex.

---

1. Tex.R.App.P. 41(a)(2) provides as follows:

   (2) *Extension of Time.* An extension of time may be granted by the appellate court for late filing of a cost bond or notice of appeal or making the deposit required by paragraph (a)(1) or for filing the affidavit, if such bond or notice of appeal is filed, deposit is made, or affidavit is filed not later than fifteen days after the last day allowed and, within the same period, a motion is filed in the appellate court reasonably explaining the need for such extension. If a contest to an affidavit in lieu of bond is sustained, the time for filing the bond is extended until ten days after the contest is sustained unless the trial court finds and recites that the affidavit is not filed in good faith.

2. Tex.R.App.P. 46(a) provides that an appellate cost bond "shall be payable to the appellee in the sum of $1,000 unless the court fixes a different amount upon its own motion ... shall have sufficient surety and shall be conditioned that appellant shall prosecute his appeal or writ of error with effect and shall pay all costs which

have accrued in the trial court and the cost of the statement of facts and transcript." On the other hand, a notice of appeal is sufficient if it simply states the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or some designated portion thereof. Tex.R.App.P. 40(a)(2).

3. Tex.R.App.P. 40(a)(2) provides as follows:

   (2) *When Security is Not Required.* When security for costs on appeal is not required by law, the appellant shall in lieu of a bond file a written notice of appeal with the clerk or judge which shall be filed within the time otherwise required for filing the bond. Oral notice or recital in the judgment of notice does not comply with this rule. Such notice shall be sufficient if it states the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or some designated portion thereof. Copy of the notice shall be mailed by counsel for appellant in the same manner as the mailing of copies of the appeal bond.

R.App.P. 40(a)(1).[4] Stated in the simplest terms, the question presented for resolution by the court of appeals, was given the subject of the litigation before the court, what kind of instrument was required by law or our rules of procedure to perfect an appeal. The court of appeals in *Grand Prairie* held that the appeal was not an appeal in a suit to collect delinquent taxes, therefore, the school district was required to post an appeal bond in order to perfect its appeal. Because the school district failed to do so, the court held that it lacked jurisdiction over the school district's attempted appeal. *Grand Prairie*, 803 S.W.2d at 764.

In reversing the court of appeals, the Supreme Court held that a court of appeals has jurisdiction over any appeal where the appellant files an instrument that "was filed in a *bona fide* attempt to invoke appellate court's jurisdiction." *Grand Prairie* 813 S.W.2d at 500. [Emphasis added]. A careful review of cases cited by our Supreme Court in *Grand Prairie* demonstrates the existence of cases which were limited to the proper interpretation of Tex. R.App.P. 46(f). Rule 46(f) has now been clarified to the extent to require a liberal construction, thus permitting appellants to amend appeal bonds and cash deposits in lieu of bonds.[5] *See Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578 (Tex. 1989) (timeliness of deposit required to perfect appeal and affidavit of inability to post bond); *United Association of Journeymen and Apprentices v. Borden*, 160 Tex. 203, 206, 328 S.W.2d 739, 741 (1959) (appeal bond); *Woods Exploration and Producing Company v. Arkla Equipment Company*, 528 S.W.2d 568, 569 (Tex.1975) (deposit in lieu of bond); *Commercial Credit Corporation v. Smith*, 143 Tex. 612, 616, 187

S.W.2d 363, 365 (1945) (affidavit of inability to post bond); *Eagle Life Insurance Company v. Hernandez*, 743 S.W.2d 671 (Tex. App.—El Paso 1987, writ denied) (whether liquidator of State Board of Insurance was exempt from requirement of filing appellate cost bond); *Plano Independent School District v. Oake*, 682 S.W.2d 359 (Tex.App.—Dallas 1984), *rev'd on other grounds*, 692 S.W.2d 454 (Tex.1985) (whether school district was required to file appellate cost bond); *Marshall v. Brown*, 635 S.W.2d 578 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.) (whether school district and voluntary nonprofit association were required to file appellate cost bond). Moreover, since its decision in *Grand Prairie* on June 19, 1991, the Supreme Court has decided two additional cases which have touched on a "bona fide" attempt to invoke appellate jurisdiction, rather than on a dispute regarding the requirement to post an appellate cost bond. *See City of San Antonio v. Rodriguez*, 828 S.W.2d 417 (Tex. 1992) (where city not required to file appellate cost bond, but nonetheless noted incorrect cause number on notice of appeal); *Mueller v. Saravia*, 826 S.W.2d 608 (Tex. 1992) (where a motion for new trial, filed under the original cause number rather than the severed cause number, is sufficient to perfect appeal and avoid dismissal).

In the instant case, Appellant has failed to advance any argument asserting his exemption from the required filing of the appellate cost bond or that his failure to file such appellate cost bond should be otherwise excused. While the law is now well settled that Tex.R.App.P. 46(f) should be liberally construed so as to permit appellants to amend appeal bonds and cash deposits in lieu of bonds, we find that in the absence of a bona fide dispute as to wheth-

---

**4.** Tex.R.App.P. 40(a)(1) provides as follows:

(1) *When Security is Required.* When security for costs is required by law, the appeal is perfected when the bond, cash deposit or affidavit in lieu thereof has been filed or made, or if affidavit is contested, when the contest is overruled. The writ of error is perfected when the petition and bond or cash deposit is filed or made (when bond is required), or affidavit in lieu thereof is filed, or, if contested, when the contest is overruled.

**5.** Insofar as no appellate cost bond or cash deposit in lieu of such bond was filed by Appellant in the instant case, we find that cases relating to whether Appellant may transform or otherwise "amend" his notice of appeal into an appellate cost bond or otherwise "refile" such document as an appellate cost bond, bear no correlation to the facts found in the instant case.

er or not an exemption applies to an appellant for the purpose of the filing of an instrument required by law or our rules to perfect an appeal in a civil case, that an appellate cost bond continues to remain a procedural requirement to perfect an appeal and thus properly invoke the jurisdiction of this Court. *See* Tex.R.App.P. 41(a)(1).

 A court of appeals, as an intermediate appellate court, may not extend its jurisdiction beyond the limit established by law. This Court is fully cognizant of the policy that decisions of the courts of appeals should turn on substance rather than procedural technicality; however, only the Texas Supreme Court can interpret the clear and unambiguous requirements of Tex.R.App.P. 41(a)(1) and thus clarify for the courts of appeals in our state whether the complete failure to file an instrument required by law or our rule to perfect the appeal is a matter of substance or procedural technicality. Furthermore, only the Texas Supreme Court can enlarge a jurisdictional limit. *White v. Baker & Botts,* 833 S.W.2d 327 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Sifuentes v. Texas Employers' Insurance Association,* 754 S.W.2d 784, 788 (Tex.App.—Dallas 1988, no writ).

Absent the availability of an exemption and the filing of a timely appeal bond, Appellant's attempted appeal is a nullity and necessitates dismissal of the cause from this Court's docket. Rule 13(i), Tex. R.App.P. Accordingly, this attempted appeal is hereby dismissed for want of jurisdiction.