Newland, Cornett & Whitworth, of Linden, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for assault to murder without malice, punishment being one year in the penitentiary.

No facts are brought forward.

The only bill of exception relates to an argument of the district attorney. Objection thereto was sustained and the jury directed not to consider same. We do not regard the argument of such character that the court could not control it by a withdrawal from the jury.

.The judgment is affirmed.

## SOUR LAKE INDEPENDENT SCHOOL DIST. v. EASTERLING et al.
### No. 3718.

Court of Civil Appeals of Texas. Beaumont.
June 12, 1940.
Rehearing Denied July 3, 1940.

H. A. Maynard, of Liberty, for appellant.

Fortenberry & Fortenberry, E. E. Easterling, and H. T. Easterling, all of Beaumont, for appellee.

COMBS, Justice.

This suit, filed in the District Court of Hardin County by the Sour Lake Independent School District, was for delinquent taxes alleged to be due it by the appellees on 643 acres of land for the years 1924 to 1937, inclusive, aggregating $513.80. The defendants' answers contained a general demurrer and several special exceptions. The trial court sustained the general demurrer "and all special exceptions" and the plaintiff declining to amend dismissed the suit and the school district has appealed.

The school district filed no appeal bond and the appellees have filed a motion to dismiss the appeal on the ground that appeal bond was required. The motion is overruled. The school district had a right to enforce the collection of delinquent taxes due it under the provisions of the general tax law. Vernon's Ann. Civ.St. art. 7343 provides: "All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

Independent school districts are not liable for court costs which may accrue in tax suits prosecuted by them. Vernon's Ann.Civ.St. art. 7297. Republic Ins. Co. v. Highland Park Ind. School Dist, Tex.Civ. App., 57 S.W.2d 627, 633 and authorities cited. No appeal bond was required by appellant to perfect its appeal. City of Wink v. R. B. George Machinery Company, 122 Tex. 613, 63 S.W.2d 849.

Appellees contend, and the trial court apparently held, that the Sour Lake Independent School District as such was without authority to bring this suit for the reason that by the provisions of the special act of the legislature creating it in 1923, chapter 17, the board of trustees and not the school district as such was the proper agency to bring the suit. Section 6 of the special act reads as follows: "The board of trustees of the Sour Lake Independent School District of Hardin County, Texas, shall be a body politic and corporate in law, and as such may contract and be contracted with, sue and be sued, plead and be impleaded in any court within this State of competent jurisdiction, and may receive any gifts, donations or devises made for the use of the public free schools of said district."

The contention is overruled. The act specifically creates "the Sour Lake Independent School District of Hardin County, Texas." The district can act of course only by authority of its board of trustees in making contracts, prosecuting suits, etc. But that does not necessarily mean that such acts must be performed in the name of the board of trustees rather than in the corporate name of the school district. To so hold would be to place too narrow a construction upon the statute. We think the statute clearly contemplates that suits,

contracts, and other transactions may be conducted by the board of trustees in the corporate name of the Sour Lake Independent School District. The question presented here is not one of lack of authorization of the suit by the school board, but merely the matter of legal authority of the named plaintiff to prosecute the suit. It should be presumed until the contrary is shown that the suit brought in the corporate name of the school district was instituted by and under the authority of its board of trustees. In that respect we can see no reason for applying any different rule from that applicable to private corporations.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.