AMARILLO INDEPENDENT SCHOOL
DISTRICT, Appellant,

v.

Fred G. BROCKMEYER et al., Appellees.

No. 6614.

Court of Civil Appeals of Texas.

Amarillo.

June 18, 1956.

F. J. Baughman, Amarillo, for appellant.

W. S. Birge, Amarillo, for appellees.

MARTIN, Justice.

Appellee, Fred G. Brockmeyer, requested a tax certificate from the appellant, Amarillo Independent School District, certifying as to taxes on Lot Five, Block Seventy of the Original Townsite of Amarillo. A deputy of the appellant issued a tax certificate but listed taxes for the years 1930 through 1939 as delinquent. Appellee requested that the delinquent years be omitted from the tax certificate because of Article 7298, Vernon's Texas Civil Statutes, and that appellant issue a tax certificate on the lot in issue showing the same to be free and clear of any and all tax liens. This request was denied by the appellant. Appellee then instituted a suit against appellant to remove cloud and for damages for slander of title. Appellee's suit is based on the above statute of limitation.

The trial court granted appellee a judgment removing the tax liens as cloud on appellee's title. Appellant perfected an appeal from this judgment asserting that "The trial court erred, as a matter of law, in granting to the Appellee a removal of the cloud because the limitation statutes did not release or extinguish the debt but merely affect the remedy when its enforcement is sought." Appellee has asserted that the school district has no right to appeal without bond but the principal issue before this court is raised by appellant's first point quoted above.

Article 2276, Vernon's Texas Civil Statutes permits the state of Texas or the

head of any department of the state of Texas to appeal without giving a bond therefor. "(2) The conducting of public schools is in our opinion the exercise of a governmental power. Public schools are conducted for the benefit of the entire state by a governmental agency and it matters not whether such schools are conducted by the trustees of a common school district or trustees of an independent district." Braun v. Trustees of Victoria Independent School Dist., Tex.Civ.App., 114 S.W.2d 947, 949 (writ refused). Vernon's Texas Constitution, Art. 7, § 1; Sour Lake Independent School Dist. v. Easterling, Tex.Civ.App., 142 S.W.2d 237 (writ refused). Appellee's contention that the school district had no right of appeal without bond is overruled.

■ As to the merits of the case, appellant's first point of error must be sustained. With reference to the issue of whether the limitation statutes give appellee a right of action, it should be further stated that in answer to appellee's suit to remove cloud and for slander of title, the appellant school district only filed a general denial and did not seek recovery of the delinquent taxes as due or ask for a foreclosure of its tax lien. "[1] Statutes of limitation are remedial only. They in no manner partake of the nature of substantive law. * * * Statutes of limitation do not confer any right of action, but are enacted to restrict the period within which the right, otherwise unlimited, might be asserted." American Nat. Ins. Co. v. Hicks, Tex.Com.App., 35 S.W.2d 128, 130 [1], 75 A.L.R. 623. Also see Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879, 75 A.L.R. 624, 627; Boddeker v. Olschewske, Tex.Com.App., 127 Tex. 598, 94 S.W.2d 730; Travis County v. Matthews, Tex.Civ.App., 235 S.W.2d 691 (Syl. 10); Murphy v. Sills, Tex.Civ.App., 268 S.W.2d 296, 310 (Syl. 11, 12); Goldfrank, Frank & Co. v. Young, 64 Tex. 432; Campdera v. Reed, Tex.Civ.App., 131 S.W.2d 297 (Syl. 6, 7); 53 C.J.S., Limitations of Actions, §§ 6 & 8.

The Statute of Limitation in issue could not legally form the basis of appellee's cause of action to remove cloud and to cancel the tax debt and lien. The judgment of the trial court is reversed and judgment here rendered that appellee take nothing by his cause of action.