Johnnie WILSON et al., Trustees of the Foster Common School District No. 4, Appellants,

v.

R. E. THOMPSON et al., Appellees.

No. 13828.

Court of Civil Appeals of Texas.

Houston.

May 29, 1961.

Rehearing Denied July 13, 1961.

Alfred H. Summers, Palestine, for appellants.

McCain, Stanford & McCain, E. R. Stanford, Jr., Palestine, for appellees.

WERLEIN, Justice.

In this case, involving the validity vel non of an order annexing Foster Common School District No. 4 in Anderson County, Texas, to appellee, Palestine Independent School District, the latter has filed a motion to dismiss the appeal because of appellants' failure to file an appeal bond as required by Rule 354, Texas Rules of Civil Procedure. In reply to said appellee's motion, appellants, the Trustees of Foster Common School District No. 4 in Anderson County, Texas, and the District Trustees of Flint Hill Rural High School District No. 710 in Anderson County, contend that they are bodies politic and corporate at law, exercising governmental power, and hence are each a department or head of a department of the State of Texas, and are therefore exempt from the requirement to give an appeal bond. They base such assertion upon Article 2276, Vernon's Annotated Texas Civil Statutes, Acts 1909, S.S., p. 284, and the case of Amarillo Independent School District v. Brockmeyer, Tex.Civ. App., 292 S.W.2d 886, no writ history.

The pertinent part of Article 2276 reads as follows:

"Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case."

The question is whether such article relieves appellants from giving an appeal bond in this case. The Court of Civil Appeals in the Brockmeyer case, supra, held that the conducting of public schools by the trustees of a common school district or trustees of an independent school district, is the exercise of a governmental power for the benefit of the entire state by a governmental agency and that a school district could appeal without filing an appeal bond. As authority for its holding, the court cited Article 2276, V.A.T.S.; Braun v. Trustees of Victoria Independent School District, Tex.Civ.App., 114 S.W.2d 947, writ ref.; Vernon's Texas Constitution, Article VII, Sec. 1; and Sour Lake Independent School Dist. v. Easterling, Tex. Civ.App., 142 S.W.2d 237, writ ref.

The Braun case cited in the Brockmeyer case merely holds that an independent school district is an agency of the State, and while exercising governmental functions, it is not answerable for its negligence in a suit sounding in tort. No question with respect to an appeal bond was involved in that case. The Easterling case involves a tax suit. The court's decision is based upon its construction of Articles 7343 and 7297, V.A.T.S., which have no relevancy to the instant case.

Article 2276 very specifically exempts the State of Texas, counties in the State, the Railroad Commission of Texas, and the heads of any department of the State of Texas. Executors, administrators and guardians appointed by the courts of this State are also not required to give bond on any appeal or writ of error taken by them in their fiduciary capacity. Appellants contend that school districts are included in the exemption applying to "the head of any department of the State of Texas." Such provision has been applied to the Comptroller of Public Accounts of the State of Texas (Lane v. Hewgley, Tex.Civ.App.,

155 S.W. 348, no writ history); to special agents for the Commissioner of Insurance and Banking (Collier v. Smith, Tex.Civ. App., 169 S.W. 1108, writ refused); to the Prison Commission of the State of Texas (Herring v. Houston Nat. Exch. Bank, 1923, 113 Tex. 264, 253 S.W. 813); to the Commissioner of Insurance and Banking (Hall v. Eastland County, Tex. Civ.App., 254 S.W. 1113, no writ history); and to the Texas Teacher Retirement System (Teacher Retirement System v. Duckworth, 153 Tex.Civ. 141, 260 S.W.2d 632, affirmed 153 Tex. 141, 264 S.W.2d 98).

It will be noted that all of the above agencies operate at the State level of government rather than the local level. It is also significant that the Legislature, after enacting Article 2276, V.A.T.S., exempting counties from giving a bond on appeal or writ of error, has by later legislation specifically exempted a number of other local governmental agencies. Article 1174, Acts 1913, p. 307, exempts all cities from filing an appeal bond. Article 7880–126a, Acts 1932, 42nd Leg., 3rd C.S. p. 54, Ch. 23, § 1, exempts Water Control and Improvement Districts established to be "Municipal Districts" under the provision of Section 18 of Chapter 280 of the Acts of the 41st Legislature of Texas. Article 2276a provides:

"No water improvement district, nor any water control and improvement district, nor any water control and preservation district, nor any levee improvement district, nor any drainage district * * * shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case. Acts 1933, 43rd Leg., p. 131, ch. 62, § 1."

It seems obvious that the State Legislature in enacting legislation exempting the above mentioned local governmental agencies from giving an appeal bond, must have been of the view that Article 2276 did not exempt governmental agencies operating on a local level from the necessity of filing an appeal bond. As also persuasive, see Ploch v. Dickison, Tex.Civ. App., 223 S.W.2d 568, in which it was held that the county judge and commissioners of Bexar County, although acting within their official capacity for the county, were not relieved from the requirement of giving an appeal bond, since the county was not made a party to the suit.

In Chapel Hill Independent School District v. Heath, Tex.Civ.App.1954, 272 S.W. 2d 377, no writ history, the court held that it acquired no jurisdiction of the case since the School District failed to file an appeal bond or affidavit in lieu thereof within the time prescribed by Rule 356, T.R.C.P., and failed to comply with Rule 381, T.R.C.P., prescribing the time within which to file the statement of facts. We are in accord with the holding in that case. While it may be advisable to relieve school districts from the necessity of giving appeal bonds, the relief must come from the Legislature and not from the courts.

It is our view that the Legislature did not intend that the language, "the head of any department of the State of Texas," should include local political subdivisions even though they are bodies corporate and engaged in governmental functions. Accordingly, the appeal in this case is dismissed for want of jurisdiction.

## On Motion for Rehearing

Pursuant to appellants' alternate motion included in their motion for rehearing pending herein, this Court on June 12, 1961 certified to the Supreme Court of Texas this question: "Does Article 2276, V.A.T.S., Acts 1909, SS, p. 284, relieve the trustees of a common school district and district trustees of a rural high school district from filing an appeal bond as required by Rule 354, T.R.C.P.?"

The Supreme Court in a per curiam opinion, handed down July 3, 1961, 348 S.W.2d 17, answered such question in the negative. The Court also decreed that no motion for rehearing would be entertained,

and that appellants pay costs incurred in connection with the certified question. The Supreme Court's decision has been duly certified to this Court for observance. Appellants' motion for rehearing is denied.