**BRADY INDEPENDENT SCHOOL DISTRICT, et al., Appellants,**

v.

**Ed DAVENPORT, et al., Appellees.**

No. 14090.

Court of Appeals of Texas, Austin.

Dec. 21, 1983.

Harvey M. Allen, McCreary, Huey & Veselka, Austin, for appellants.

James H. Harp, Smith, Carter, Rose, Finley & Hofmann, San Angelo, for appellees.

Before SHANNON, POWERS and BRADY, JJ.

PER CURIAM.

Brady Independent School District appeals the judgment of the district court rendering a take-nothing judgment in a suit to collect delinquent taxes. Appellee has filed a motion to dismiss the appeal. This Court will overrule that motion.

The district court judgment was signed August 31, 1983 and no motion for new trial was filed. Appellant has filed no cost bond; however, on September 26, 1983 appellant filed a notice of appeal with the court.

Texas R.Civ.P. 356(a) provides that, in appeals from judgments where no motion for new trial has been filed, the cost bond must be filed within thirty days after the judgment is signed. However, when a cost bond is not required by law, if the appellant files a notice of appeal within the time otherwise required for filing the bond, the appeal is perfected. Tex.R.Civ.P. 356(c). Therefore, the issue presented by this motion is whether Brady Independent School District is excused by law from the necessity of filing a cost bond.

In support of the motion, appellee cites Tex.Tax Code § 42.28 (1982) which provides:

A party may appeal the final judgment of the district court as provided by law for appeal of civil suits generally, *except that an appeal bond is not required of the chief appraiser, the county, the State*

*Property Tax Board, or the Commissioner's Court.* [emphasis added]

Under the literal terms of this provision, appellant is not excused from the necessity of filing an appeal bond.

In a response to appellee's motion, however, appellant relies on Tex.Tax Code § 33.49(a) (1982) which provides:

Except as provided by Subsection (b) of this Section, *a taxing unit is not liable in a suit to collect taxes for court costs, including any fees for service of process, and may not be required to post security for the costs.* [emphasis added]

This section derives from prior legislation. Tex.Rev.Civ.Stat.Ann. arts. 7333 and 7345b–2. Article 7333 excused the state and county from liability to pay costs owed to newspapers for publication of citation and notices of sheriff's sales. Article 7345b–2 specified the method of payment by taxing units of publication costs in suits for collection of delinquent taxes. Both statutes were repealed effective January 1, 1982. Neither previous statute expressly excluded taxing units from posting security for costs. Consequently, the emphasized phrase in § 33.49(a), which expressly excludes taxing units from the requirement of posting security for costs, is new.

The exemption in § 33.49(a) resembles an exemption previously recognized in *Sour Lake Independent School District v. Easterling*, 142 S.W.2d 237 (Tex.Civ.App.1940, writ ref'd). In that case the Court wrote:

Independent school districts are not liable for court costs which may accrue in tax suits prosecuted by them. Vernon's Ann. Civ.Stat. art. 7297. *Republic Ins. Company v. Highland Park Independent School District,* Tex.Civ.App. 57 S.W.2d 627, 633 and authorities cited. No appeal bond was required by appellant to perfect its appeal. *City of Wink v. R.B. George Machinery Company,* 122 Tex. 613, 63 S.W.2d 849.

The Court in *Sour Lake Independent School District v. Easterling* cited and purported to rely upon Tex.Rev.Civ.Stat. art. 7297 as the basis for its holding. That prior statute provided, in part, as follows: "the State

and county shall be exempt from liability for any costs growing out of [a suit for collection of delinquent taxes]."

*Fort Bend Independent School District v. Weiss,* 570 S.W.2d 241 (Tex.Civ.App.1978, no writ), is the most recent decision to hold that independent school districts are not required to file appeal bonds in suits they institute to collect delinquent taxes. That opinion cites *Sour Lake Independent School District v. Easterling, supra,* art. 7297, and art. 7343. Article 7343 provided that Independent School Districts are authorized to collect delinquent taxes in the same manner provided for cities and towns. Articles 7297 and 7343 were repealed effective January 1, 1982. No Texas Tax Code section purports to replace them. As such, the former statutory basis for the *Sour Lake* holding no longer exists.

It can be argued, however, that the portion of § 33.49(a) which reads "a taxing unit . . . may not be required to post security for the costs" has provided an alternative statutory basis upon which to revive the *Sour Lake* rule. We hold that it has. It is clear that an independent school district is a taxing unit. Tex.Tax Code Ann. § 1.04(12) (1982). An appeal bond is a security for costs. Tex.R.Civ.P. 354 and 363. Accordingly, § 33.49(a) reasonably can be construed to exempt appellant from the necessity of filing an appeal bond.

The foregoing reasoning is in keeping with the presumption that the Legislature intended a just and reasonable result to be reached by recodifying the Tax Code, and that the Legislature favored the public interest over any private interest. Tex.Rev. Civ.Stat.Ann. art. 5429b–2, § 3.01(3) and (5) (Supp.1982). Moreover, in construing statutes promulgated in the Code, the court may consider the common law and former statutory provisions, including laws upon the same or similar subjects, as well as the consequences to be attributed to a particular construction. Tex.Rev.Civ.Stat.Ann. art. 5429b–2, § 3.03(4) and (5) (Supp.1982). Consequently, we may presume that, when the Legislature added the final phrase to § 33.49(a), it was aware it had repealed the statutory foundation for the *Sour Lake* holding and that it intended to enact legislation designed to reach a similar result.

This view makes practical sense as well. Texas Tax Code § 33.49(a) provides that a taxing unit is not *liable* for court costs. Rule 354 requires the bond to be sufficient to pay all the costs which have accrued in the trial court as well as the costs of the statement of facts and transcript. It makes little sense to discharge the district from liability to pay court costs and then require the district to post bond securing payment of court costs. It is more reasonable to treat the district like one of the four entities mentioned in § 42.28 although the practical result would be to require immediate payment for transcripts and statements of facts.

We do not view § 33.49(a) and § 42.28 as standing in irreconcilable conflict. Rather, in order to give meaning to the last phrase in § 33.49(a), we view it to be a legislative dispensation from the requirement that all appellants must file appeal bonds to perfect their appeal. This provision is simply independent of and similar to a non-exclusive provision in § 42.28.

Appellee's motion to dismiss the appeal is overruled.