Arminta Carter **ARNOLD**, individually and as co-executor and co-trustee under the will of Douglass H. Arnold, Deceased, Appellant,

v.

**CROCKETT INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 12–83–0073–CV.

Court of Appeals of Texas, Tyler.

Feb. 21, 1985.

William L. Bowers, Jr., Houston, Eugene M. McElyea, Crockett, for appellant.

F. Duane Force, Law Offices of Gates Steen, Austin, for appellee.

## ON MOTION FOR REHEARING

COLLEY, Justice.

Appellee, Crockett Independent School District, in its motion for rehearing in this cause, asserts that we erred (1) in the computation of the amount of taxes, penalty, interest and attorneys' fees allowed District in that portion of the trial court's judgment that was severed and affirmed, and (2) in adjudging a portion of the court costs in the trial court and all of the cost of this appeal against the District. We admit both errors. Prior to the enactment of the Texas Tax Code, effective January 1, 1982,

former Articles 7297 and 7343, TEX.REV. CIV.STAT.ANN. (Vernon 1960)[1] had been construed as exempting independent school districts from payment of all court cost and from filing a cost bond on appeal. *Nacogdoches Independent School District v. McKinney*, 513 S.W.2d 5 (Tex.1974); *Sour Lake Independent School District v. Easterling*, 142 S.W.2d 237, 238 (Tex.Civ.App.—Beaumont 1940, writ ref'd). The question of whether an independent school district is liable for any court cost, at trial or on appeal, must now be determined by the provisions of Section 33.49(a),[2] reading:

> Except as provided by subsection (b) of this section, a taxing unit[3] *is not liable in a suit to collect taxes for court cost* ... and may not be required to post security for the cost. (Emphasis added.)

We have concluded that the provisions of Section 33.49(a) exempt District from liability for any court cost whether incurred at the trial court level or in this appeal. Two reported Courts of Appeal decisions support our conclusion. *Brady Independent School District v. Davenport*, 663 S.W.2d 637, 638–639 (Tex.App.—Austin 1983, no writ), and *Kerrville Independent School District v. Southwest Texas Encampment Association*, 673 S.W.2d 256, 261 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). By citing *Brady*, we should not be understood as approving the reasoning of the Austin court in that opinion which implies that Section 42.28 has application to a suit by a school district or other taxing unit to collect delinquent taxes. In fact, if any of the sections embodied in Chapter 42 of the Tax Code were applicable to delinquent tax suits, then Section 42.07 of that chapter which authorizes the "reviewing court" to adjudge the cost of "an appeal taken as provided in this chapter against any of the parties" would empower us to adjudge the cost in this appeal against the District. We have concluded that the provisions of Section 42.28 are

---

1. Repealed by Acts 1979, 66th Leg. ch. 841, § 6(a)(1), 1979 Tex.Gen.Laws 2329.

2. All references to Sections are to the Texas Tax Code (Vernon 1982).

3. An independent school district is a "taxing unit." Section 1.04(12).

applicable only to appeals authorized and provided by Chapter 42 from determinations made by the Appraisal Review Board.

Therefore, District's motion for rehearing is granted, and our opinion delivered on December 31, 1984, is withdrawn, and the following opinion substituted therefor.

Arminta Carter Arnold, defendant/appellant, individually and as Co-Independent Executor and Trustee of the estate of her deceased husband, Douglass H. Arnold, appeals from an adverse judgment rendered in a bench trial in a suit brought by Crockett Independent School District, plaintiff/appellee (District), for collection of delinquent ad valorem taxes levied against land and personal property belonging to Arnold. We affirm in part and reverse in part and remand.

For the sake of clarity we refer to the separate parcels of real estate and the personal property here involved by the Item number assigned such parcels in the court's judgment signed on January 20, 1983.

At trial, the District introduced, through the testimony of its tax assessor, Edna Panell, the delinquent tax roll of the District showing values assessed against the various items of property, the tax rate, the percentage of the value assessed, computation of the net taxes, penalty and interest and a 15% attorneys' fee due the District.

■■■ This suit was brought to collect delinquent taxes for the years 1971 through 1981, both inclusive, except for Item 3 which involves only the years 1972 through 1981, both inclusive. The District offered no testimony at trial as to the reasonable cash market value of the Arnold land for any of the taxable years involved, choosing rather to make its prima facie

case for recovery of the delinquent taxes. *State v. Whittenburg*, 153 Tex. 205, 265 S.W.2d 569, 572 (1954). Under such circumstances, the taxpayer has the onerous burden of establishing that the value assessed on each parcel by the Board of Equalization for the District was grossly excessive, and therefore unreasonable and confiscatory, establishing that fraud attended the assessments. *French Independent School District v. Howth*, 134 Tex. 211, 214, 134 S.W.2d 1036, 1037 (Tex. Comm'n App. 1940, opinion adopted); *Johnson v. Holland*, 17 Tex.Civ.App. 210, 43 S.W. 71, 73 (Tex.Civ.App. 1897, writ ref'd); *State v. Whittenburg, supra* at 573. In order for a taxpayer to prevail in his defense of a tax suit on the basis of excessive assessments, the difference in the value of the assessments and the market value of the property must be gross because a difference in value which reflects a mere difference of opinion or an honest mistake in judgment on the part of the Board of Equalization as to the true value will not justify a court in striking down the Board's assessments. *State v. Whittenburg, supra* at 573. *See also Dallas County v. Dallas National Bank*, 142 Tex. 439, 179 S.W.2d 288, 289 (1944).

The record before us clearly reveals that, except with respect to Item 2 (for the taxable year 1971) and Item 4, tract (a) (for the taxable year 1971), the trial court found that the reasonable cash market value of each of Arnold's properties in dispute here was the value assessed thereon by the District. Jake Lyons, a qualified appraiser, testified for Arnold, and the following table compares the values assessed by the District, those found by the trial judge in his findings of fact, and the values established by Lyons' testimony, to-wit:

TABLE

| PROPERTY ITEM | DISTRICT'S ASSESSMENT | TRIAL COURT'S VALUES (Findings) | TAXABLE YEARS | LYONS' VALUES |
|---|---|---|---|---|
| 2 | $82,888 | $44,400 | 1971 | $31,280 |
| 2 | 44,440 | 44,440 | 1972–1981 | 28,520[4] |
| 3(a) | 3,410 | 3,410 | 1972–1981 | 970 |
| (b) | 12,000 | 12,000 | 1972–1981 | 5,520 |
| (e) | 10,840 | 10,840 | 1972–1981 | 2,100 |
| 4(a) | 49,067 | 41,480 | 1971 | 10,971 |
| (a) | 41,480 | 41,480 | 1972–1981 | 10,971 |
| (b) | 7,110 | 7,110 | 1971–1981 | 2,220 |
| 5 | 37,210 | 37,210 | 1971–1981 | 16,533[5] |
| 6 personal property | 17,780 | 17,780 | 1971–1981 | -0-[6] |

The trial court, based on its findings, rendered a judgment for the District in the total sum of $47,990.11, including taxes, penalty, interest and attorneys' fees. Arnold claims under her first point of error that the court's findings of values are so against the great weight of the evidence as to be manifestly wrong and unjust. A study of Arnold's statements and argument under the point of error reveals that Arnold does not complain of the court's findings and judgment as to property Item number 1, and tracts (c) and (d) of Item 3.

█ Our review of all the evidence adduced at trial leads us to the conclusion that the trial court's findings of market value of property Items 2, 3 (tracts [a], [b] and [e]), 4, 5 and 6 are contrary to the great weight and preponderance of the evidence. Arnold's point of error one is sustained.

We need not address Arnold's second point of error complaining of the late preparation and filing by the trial judge of findings of fact in view of our disposition of Arnold's first point.

That portion of the judgment awarding the District a recovery against Arnold for delinquent ad valorem taxes, penalty, interest and a 15% attorneys' fees as to Item 1, consisting of lots 58 and 60 of block 36 of the original town of Crockett, Houston County, Texas, described in Vol. 254, page 549 of the Houston County Deed Records, and tracts (c) and (d) of Item 3, consisting of the East one-half of lot 1, and all of Lot 2 all in block 7, Depot Addition, Vol. 205, page 14 of the Houston County Deed Records, and lot 6, block 2, Downes Addition, for the taxable years 1972 through 1980, both inclusive is severed and reformed to provide that the Crockett Independent School District recover of and from Arminta Carter Arnold, individually and as Co-Independent Executor and Trustee of the estate of her deceased husband, Douglass H. Arnold, the aggregate sum of $805.68 which includes net taxes, penalty, interest and a 15% attorneys' fees thereon respecting the above described properties, and as reformed and severed, that portion of the judgment is affirmed; otherwise, the judgment is reversed and the cause remanded for a new trial. Only the costs incurred by Arnold in the trial court and in this court are adjudged against her, and no costs are adjudged against District.

In the event of a retrial of this cause as to the taxes, penalties, interest and attorneys' fees due in respect to Items 2, 4, 5, 6 and tracts (a), (b) and (e) of Item 3, if the trier of the facts finds that the existing assessed valuations of such properties are grossly excessive, then cancellation of the existing assessments for the taxable years in controversy should follow, and additional findings should be made by the court or jury, as the case may be, based on the evidence adduced, of the reasonable cash

4. 1972 value with a decline in value in 1981 to the value of $12,872.

5. 1971 value with decline in value to 1981 value of $12,000.

6. Testimony at trial showed no personal property except for junked vehicles, obsolete cotton gin and cotton compress machinery which under Lyons' testimony had no market values.

market value of each of such properties on January 1 of the taxable years involved so that a proper determination of the taxes, penalties, interest and attorneys' fees can be made, and a judgment rendered in favor of the district thereon within the limits allowed under former article TEX.REV. CIV.STAT. art. 7329, subd. 3[7] or the district is free to proceed under former TEX. REV.CIV.STAT. art. 7346[8] to re-assess such property. *Whelan v. State*, 155 Tex. 14, 282 S.W.2d 378, 384–385 (1955).

---

**7.** Acts second called session 1923, p. 36 (Tex. Rev.Civ.Stat., art. 7329 [Vernon 1960] ), repealed by Acts 1979, ch. 841, § 6, 1979 Tex.Gen. Laws 2329.

**8.** Acts 1905, p. 318 (Tex.Rev.Civ.Stat. art. 7346 [Vernon 1960] ), repealed by Acts 1979, ch. 841, § 6, 1979 Tex.Gen.Laws 2329.