Lee **SALVAGGIO** et al., Appellants,

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT** et al., Appellees.

No. C14–87–492–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 2, 1988.

Rehearing Denied June 23, 1988.

Terry G. Wiseman, Houston, for appellants.

Jeffery L. Rogers, Stanley B. Binion, Robert J. Collins, Houston, for appellees.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This is an appeal of a case involving delinquent taxes. Pursuant to collecting those taxes, appellees imposed certain penalties, which appellants sought to have declared invalid. Appellants obtained partial relief; however, on appeal, they contest several of the trial court's rulings. We affirm the trial court's challenged orders and the final judgment.

Appellants are Lee and Verna Salvaggio and Richard Schwartz and Isaac Molho, the latter two acting individually and as representatives of a class of persons similarly situated. Appellees are Houston Independent School District (HISD), the City of Houston, Texas (the City) and William R. Brown, Tax Assessor/Collector for the City and HISD.

In January 1985 HISD sued Schwartz, alleging that he owed personal property taxes for 1977 through 1982. In addition to the taxes and late payment penalties, HISD also attempted to collect a penalty to defray costs of collection pursuant to TEX.TAX CODE ANN. § 33.07 (Vernon 1982). Schwartz filed suit for an injunction and a declaratory judgment as to the § 33.07 penalty. He also sought to enjoin the collection of taxes that were more than four years delinquent. He based this cause of action on TEX.TAX CODE ANN. § 33.05 (Vernon 1982), which prescribes the limitation period for suits to collect delinquent personal property taxes.

Meanwhile, the Salvaggios purchased some real property at foreclosure and discovered taxes were owed on it for 1978 through 1984. The Salvaggios paid the delinquent taxes, penalties and interest to the City and HISD; however, they later joined Schwartz in his suit in an effort to recover the § 33.07 penalty.

HISD filed special exceptions to Schwartz's pleadings concerning § 33.05, maintaining that § 33.05 is a statute of limitations. As such, it is an affirmative defense and does not in and of itself confer

a right of action. The trial court sustained the special exceptions and struck those pleadings relating to § 33.05. HISD also specially excepted to the Salvaggios' pleadings seeking recovery of the § 33.07 penalties. This exception was based on the Voluntary Payment Rule, which denies recovery of voluntarily paid taxes even though the tax may have been illegally or improperly levied. The trial court also sustained this exception and ordered the plaintiff taxpayers to plead specific facts to establish that they fell within an exception to the Voluntary Payment Rule.

In the interim, Schwartz and the Salvaggios attempted to have the case certified as a class action in accordance with TEX.R.CIV.P. 42. The trial court certified a class consisting of those who owed delinquent taxes to the City and/or HISD and who had been assessed *but had not paid* the § 33.07 collection penalty for any tax years 1983 and before. Schwartz and an additional plaintiff Isaac Molho were designated class representatives. However, based on the Voluntary Payment Rule, the court denied certification to a class consisting of those, including the Salvaggios, *who had paid* the collection penalty. The trial court noted that the claim of each class member would require individual fact findings as to his voluntary or involuntary payment of such collection penalty or to determine if he fell within an exception to the rule. The refusal to certify the Salvaggio class was affirmed in *Salvaggio v. Houston Indep. School Dist.*, 709 S.W.2d 306 (Tex.App.—Houston [14th Dist.] 1986, writ dism'd w.o.j.).

HISD and the City ultimately obtained summary judgments on the Salvaggios' claims. However, Schwartz and Molho were granted a partial summary judgment on their claim that the assessment of § 33.07 penalties was void as to the taxes that were delinquent for 1983 and prior tax years. This partial summary judgment was subsequently modified to apply only to 1982 and prior tax years.

Appellants urge four points of error on appeal. In point of error one, they argue that the trial court erred in sustaining HISD's special exception concerning § 33.05 of the Tax Code. The section reads as follows:

(a) Personal property may not be seized and a suit may not be filed:

(1) to collect a tax on personal property that has been delinquent more than four years; ...

(b) A tax delinquent for more than the limitation period prescribed by this section and any penalty and interest on the tax is presumed paid unless a suit to collect the tax is pending.

█ In its special exceptions to the pleadings, HISD argued that Schwartz could rely on § 33.05 only as a statute of limitations defense in the suit filed against him by HISD and not as the basis of a new cause of action. Schwartz agrees that § 33.05 is a form of a statute of limitations, which normally does not confer a right to a cause of action. However, he argues that because it is so different from all other limitation statutes, § 33.05 should be interpreted differently. While normal statutes of limitations are couched in terms of the time in which one must bring suit in order to maintain a particular cause, the language of § 33.05 restricts the filing of suit or the seizure of property by a taxing unit outside of the limitation period. Schwartz believes that this language is unique and that the section was intentionally worded in this fashion to place an additional burden upon the taxing jurisdictions of the state because of their position of power and trust.

In 1956 the Amarillo Court of Appeals had before it a case involving a suit to remove certain tax liens as a cloud on title. *Amarillo Indep. School Dist. v. Brockmeyer*, 292 S.W.2d 886 (Tex.Civ.App.—Amarillo 1956, no writ). The suit was based on a predecessor to § 33.05, the language of which was very similar. In reversing the judgment removing the liens because the statute of limitations in issue could not legally form the basis of the cause of action, the court stated:

Statutes of limitation are remedial only. They in no manner partake of the nature of substantive law.... Statutes of limi-

tation do not confer any right of action, but are enacted to restrict the period within which the right, otherwise unlimited, might be asserted.

*Id.* at 887 (quoting *American Nat'l Ins. Co. v. Hicks,* 35 S.W.2d 128, 130 (Tex. Comm'n App.1931, judgm't adopted).

Schwartz cites no cases in support of his interpretation of § 33.05 as opposed to the *Brockmeyer* interpretation, and we decline to adopt his argument. His remedy, of course, is or was to use § 33.05 as an affirmative defense in the suit brought by HISD. Point of error one is overruled.

■ In point of error two, appellants contend the trial court erred in refusing to find that the July 1, 1984, assessment by appellees of § 33.07 penalties against 1983 delinquent taxes was void. The pertinent parts of § 33.07 are as follows:

(a) A taxing unit or appraisal district may provide, in the manner required by law for official action by the body, that taxes that remain delinquent on July 1 of the year in which they become delinquent incur an additional penalty to defray costs of collection, if the unit or district or another unit that collects taxes for the unit has contracted with an attorney pursuant to Section 6.30 of this code. The amount of the penalty may not exceed 15 percent of the amount of taxes, penalty, and interest due.

. . . .

(d) If a taxing unit or appraisal district provides for a penalty under this section, the collector shall deliver a notice of delinquency and of the penalty to the property owner at least 30 and not more than 60 days before July 1.

Thus, three separate actions must be taken before the penalty may be imposed:

(1) The taxing unit must contract with an attorney pursuant to § 6.30 of the Tax Code;

(2) The taxing unit must take action "in the manner required by law for official action by the body" to impose the penalty (such as passing a resolution as in this case); and

(3) Notice of the delinquency and of the penalty must be delivered to the property owner within the requisite period of time.

Appellants argue that the three actions must be taken in the proper order. Because appellees have stipulated that they sent the notice required by § 33.07(d) prior to officially adopting the penalty, and that they officially adopted the penalty without first having retained counsel pursuant to § 6.30 of the Tax Code, appellants contend the assessment of the penalty was void. They point out that if a discretionary penalty is not adopted by the taxing unit prior to the sending of the required notice, then the notice notifies the taxpayers of a penalty that is not even in existence.

Section § 33.07 contains no language expressly requiring that the actions be taken in any particular sequence. The section was enacted as a means of defraying the costs of collecting delinquent taxes, and appellees satisfied all of the conditions for putting it into effect. By so doing, appellees substantially complied with the law. *See Corpus Christi Taxpayer's Ass'n v. City of Corpus Christi,* 716 S.W.2d 578, 580 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) (quoting *Birdwell v. City of Boyd,* 233 S.W.2d 603, 607 (Tex.Civ.App.—Fort Worth 1950, no writ). Furthermore, appellants do not contend that they were harmed in any way by the order in which the actions were taken. While the better practice might be for the taxing unit to follow the order set out in the statute, the statutory language by no means requires it. Point of error two is overruled.

■ Appellants argue in point of error three that the trial court erred in applying the Voluntary Payment Rule to appellants' cause of action seeking the recovery of an illegally imposed and collected non-tax assessment. According to this rule, one who voluntarily pays an illegal tax has no valid claim for its repayment. *State v. Connecticut Gen. Life Ins. Co.,* 382 S.W.2d 745, 746 (Tex.1964); *Johnson Controls, Inc. v. Carrollton–Farmers Branch Indep. School Dist.,* 605 S.W.2d 688, 689 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.). The only exceptions to the rule (and these are

not argued by appellants on appeal) are payments made because of fraud, duress or mutual mistake of fact. *See San Antonio Indep. School Dist. v. National Bank of Commerce of San Antonio*, 626 S.W.2d 794, 797 (Tex.App.—San Antonio 1981, no writ). The policy behind the rule is to discourage litigation and to secure the taxing authority in the orderly conduct of its affairs. *Johnson Controls*, 605 S.W.2d at 689.

Appellants agree that this policy makes sense when it is applied to the voluntary payment of *taxes* because it protects a taxing unit from the results of a catastrophic error. Appellants argue, however, that the rule should not be applied to a non-tax assessment such as the § 33.07 attorney's fee penalty. Their proffered rationale is that in the past the rule has been applied only to taxes. Appellants further claim that allowing appellees to retain the proceeds of this illegal assessment would be inequitable, unjust and against good conscience.

The cases appellants cite for the proposition that the voluntary payment rule applies only to taxes did not involve penalties. The parties paid the taxes prior to the imposition of penalties and then contested those taxes. As far as the rule is concerned, there is no reason to differentiate between the two assessments, particularly as the public policy aspect discussed above is equally applicable to penalties.

In *Salvaggio v. Houston Indep. School Dist.*, referred to earlier, this court had before it the appeal of the class certification issues in this case. Regarding the contention that the trial court had erred in denying certification to the Salvaggio class, the court noted that "[t]he major issue raised is whether the voluntary payment rule should apply to attorney fees provided by § 33.07." 709 S.W.2d at 307. The court affirmed the trial court's rulings and, further, stated that the trial court was correct in finding the rule did apply to the facts of the case. *Id.* at 309. The issue in this appeal is no different, and we overrule point of error three.

In their final point of error, appellants argue that the trial court erred in applying the voluntary payment rule because so doing violated their right to due process and due course of law. Appellants maintain that while the Tax Code provides for administrative and judicial review of tax assessments, there is no provision for the administrative appeal of a penalty. Only a judicial appeal is possible; however, if that is foreclosed by the voluntary payment rule, then the taxpayer is denied relief.

We find that there was not a violation of due process in this case. TEX.TAX CODE ANN. § 41.41 (Vernon Supp.1988) sets out the actions which a property owner is entitled to protest before the appraisal review board. These include "(8) any other action that applies to the property owner and adversely affects him." Appellants read chapter 41 as applying to tax assessments only and not to penalty assessments such as § 33.07. We do not read the section so strictly and conclude that prior to paying the penalty, the Salvaggios had the option of contesting it as an action adversely affecting them. Regardless, there is no question that the Salvaggios could have filed suit against the taxing authorities to contest the penalty before paying it, which was the course of action followed by appellants Schwartz and Molho. Because procedures satisfying the requirements of due process, notice and an opportunity to be heard were available to the Salvaggios upon receipt of the tax bill, we overrule point of error four.

The judgment of the trial court is affirmed.