

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 17, 1998

The Honorable James M. Kuboviak
County Attorney
Brazos County
300 East 26th Street, Suite 325
Bryan, Texas 77803

Opinion No. DM-491

Re: Whether a delinquent tax penalty to defray collection costs authorized pursuant to Tax Code section 33.07 applies to taxes delinquent on or after July 1 under Tax Code sections 31.03, 31.031, 31.032, or 31.04 (RQ-970)

Dear Mr. Kuboviak:

On behalf of the Tax Assessor-Collector of Brazos County, you ask whether a delinquent tax penalty to defray collection costs authorized under section 33.07 of the Tax Code with respect to taxes that remain delinquent on July 1 of the year in which they become delinquent applies to taxes delinquent on or after July 1 under sections 31.03, 31.031, 31.032, or 31.04 of the Tax Code. You suggest that the penalty does not apply to taxes delinquent on or after July 1. We concur for the following reasons.

Generally taxes become delinquent on February 1 of the year following the year in which they are imposed.[1] However, sections 31.03, 31.031, 31.032, and 31.04 of the Tax Code provide for subsequent delinquency dates.

Section 31.03 provides that "a person who pays one-half of the unit's taxes before December 1 may pay the remaining one-half of the taxes without penalty or interest before July 1 of the following year." If the person does not make the second payment before July 1, the second payment is delinquent and incurs a penalty of twelve percent of the unpaid tax amount.[2] Thus, the second tax payment is delinquent on July 1.

---

[1] Tax Code section 31.02(a) provides that

> [e]xcept as provided by Subsection (b) of this section and by Sections 31.03 and 31.04 of this code, taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed.

Subsection (b) extends the date on which persons serving on active duty in the United States armed forces in the Persian Gulf War may pay delinquent taxes without penalty or interest. Tax Code § 31.02(b).

[2] *Id.* § 33.01(b).

Section 31.031 allows an individual who is disabled or at least 65 years of age and who claims the disabled or elderly homestead exemption to pay taxes on residence homestead in installments.[3]  If the person pays at least one-fourth of the taxes before February 1, he or she may pay the remaining taxes without penalty or interest in three equal installments.[4]  The first installment must be paid before April 1, the second before June 1, and the third before August 1.[5]  If the individual fails to make a payment on the date required, the unpaid amount is delinquent and incurs a penalty of twelve percent and interest as provided by section 33.01(c).[6]  This installment plan, of course, is not available unless the individual makes the initial payment before February 1.  Thus, the relevant delinquency dates under this section are generally April 1, June 1, and August 1.[7]

Section 31.032 applies to residential homestead property located in a disaster area and that has been damaged directly by the disaster.  If the owner of the property pays at least one-fourth of the taxes before February 1, the person may pay the remaining taxes without penalty and interest in three equal installments.[8]  The first installment must be paid before April 1, the second before June 1, and third before August 1.[9]  If the individual fails to make a payment before the applicable date, the unpaid amount is delinquent and incurs a penalty of twelve percent and interest as provided by section 33.01(c).[10]  Again, because the installment plan is not available unless the person makes the initial payment before February 1, the relevant delinquency dates under this section are also generally April 1, June 1, and August 1.[11]

---

[3]*See id.* §§ 11.13(c), 31.031(a).

[4]*Id.* §§ 31.02(a), .031(a).

[5]*Id.* § 31.031(a).

[6]*Id.* § 31.031(b).  Delinquent taxes incur penalties and interest apart from the section 33.07 penalty.  Section 33.01(a) provides that a delinquent tax incurs a penalty of six percent for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid before July 1 of the year in which it becomes delinquent.  A tax delinquent on July 1 incurs a penalty of twelve percent.  *Id.* § 33.01(a).  Section 33.01(c) provides that "[a] delinquent tax accrues interest at a rate of one percent for each month or portion of a month the tax remains unpaid."

[7]*But see id.* § 31.031(d) (postponement of delinquency dates if tax bill mailed after September 30 and taxing unit has adopted discounts provided by section 31.05(c)).

[8]*Id.* § 31.032(b).

[9]*Id.* § 31.032(b).

[10]*Id.* § 31.032(c).

[11]*But see id.* § 31.032(e) (if delinquency date postponed to May 1 or later, each installment date similarly postponed).

Finally, section 31.04 provides for postponing the delinquency date when a tax bill is mailed after January 10. The February 1 delinquency date is postponed to the first day of the next month that allows at least 21 days after the date of mailing for payment of the taxes before they become delinquent.[12] The usual penalties and interest provided by section 33.01 start accruing on the postponed delinquency date.[13]

We turn now to the additional delinquent tax penalty you ask about. Section 6.30(c) of the Tax Code authorizes the governing body of a taxing unit to contract with any competent attorney to represent the unit to enforce collection of delinquent taxes. Tax Code section 33.07 allows the taxing unit to recover those collections costs from the delinquent taxpayers,[14] and provides in pertinent part the following:

> (a) A taxing unit or appraisal district may provide, in the manner required by law for official action by the body, *that taxes that remain delinquent on July 1 of the year in which they become delinquent* incur an additional penalty to defray costs of collection, if the unit or district or another unit that collects taxes for the unit has contracted with an attorney pursuant to Section 6.30 of this code. The amount of the penalty may not exceed 15 percent of the amount of taxes, penalty, and interest due.

> . . . .

> (d) If a taxing unit or appraisal district provides for a penalty under this section, the *collector*[15] *shall deliver a notice of delinquency and of the penalty to the property owner at least 30 and not more than 60 days before July 1.* [Emphasis added.] [Footnote added.]

In short, the statute allows a taxing unit to impose an additional penalty to defray the costs of collecting delinquent taxes if the taxing unit has contracted with an attorney pursuant to section 6.30 and complied with the other statutory requirements.

---

[12]*Id.* § 31.04(a).

[13]*Id.* § 31.04(e).

[14]*See* Attorney General Opinion JM-857 (1988) at 8 (taxing unit must use all penalties collected under section 33.07 to compensate attorneys with whom it has contracted).

[15]*See* Tax Code § 1.04(15) (defining "collector" as "the officer or employee responsible for collecting property taxes for a taxing unit by whatever title he is designated").

As a statute imposing penalties, section 33.07 must be strictly construed.[16]  By its terms section 33.07 permits the additional penalty to be imposed only against *taxes that remain delinquent on July 1* of the year in which they become delinquent.[17]  Words and phrases must be read in context and construed according to the rules of grammar and common usage.[18]  As commonly used, "remain" means that some condition or status continues unchanged.[19]  In this case, that condition or status of course is the delinquency of the applicable taxes.  It follows that the taxes described here must become delinquent *before* July 1 in order to continue to be delinquent on July 1.  Thus taxes to which the additional penalty applies must become delinquent before July 1.

Additionally, such taxes must become delinquent on a date at least 30 days before July 1 given the language of the statutory notice provision.  Section 33.07(d) requires the collector to deliver *a notice of delinquency and of the penalty* at least 30 and not more than 60 days before July 1.[20]  By definition, taxes must first be delinquent before a notice of delinquency can be sent.[21]  The delinquency date must then be a date at least 30 days before July 1 for notice of the delinquency to be delivered at least 30 days before July 1.

Construction of section 33.07 to require the relevant taxes to be delinquent on a date at least 30 days before July 1 because notice of delinquency and of penalty cannot be delivered until the taxes are actually delinquent also comports with the purpose of the section 33.07 notice, *i.e.*, to

---

[16]*Tenneco Oil Co. v. Padre Drilling Co.*, 453 S.W.2d 814, 818 (Tex. 1970); *Hatch v. Davis*, 621 S.W.2d 443, 446 (Tex. App.--Corpus Christi 1981, writ ref'd n.r.e.); *see* Attorney General Opinion JM-285 (1984) (discussing applicability of section 33.07 penalty); *see also City of Houston v. First City*, 827 S.W.2d 462, 475 (Tex. App.--Houston [1st Dist.] 1992, writ denied) (any statute which permits recovery of attorney's fees penal in nature and to be strictly enforced).

[17]*See* Attorney General Opinion JM-285 (1984) at 3 (July 1 date is mandatory; section 33.07 does not provide any means whereby taxing unit or appraisal district may extend July 1 date).

[18]Gov't Code § 311.011(a); Tax Code § 1.03 (Code Construction Act, chapter 311, Gov't Code applies to each provision of title 1 (chapters 1 through 43) of Tax Code except as otherwise expressly provided).

[19]*See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 995 (defining "remain" as "to continue unchanged"); *see also Nunez v. Superior Court*, 503 P.2d 420, 423 (Ariz. 1972) ("remain" presupposes and implies something that exists or continues after some other time or event); *Kudlich v. Ciciarelli*, 401 P.2d 449, 454 (Hawaii 1965) ("remain" means to continue unchanged in form, condition, status, or quantity).

[20]The additional penalty is ineffective if a taxing unit does not comply with the notice requirements. *City of Houston*, 827 S.W.2d at 474 (failure to provide notice); *Uvalde County Appraisal Dist. v. Parker*, 733 S.W.2d 609, 611 (Tex. App.--San Antonio, writ ref'd n.r.e.) (same); *see also Salvaggio v. Houston Indep. Sch. Dist.*, 752 S.W.2d 189, 191 (Tex. App.--Houston [14th Dist.] 1988, writ denied) (notice must be given before penalty may be imposed).

[21]*See* Tax Code § 33.04 (Notice of Delinquency) ("At least once each year the collector . . . shall deliver a notice of delinquency to each person whose name appears on the current delinquent tax roll.").

specially warn a taxpayer of the delinquency and allow a reasonable opportunity to pay the amount due before the additional penalty attaches.[22]

In sum, the section 33.07 penalty may be imposed against taxes that become delinquent on a date at least 30 days before July 1 and that remain delinquent on July 1 of the year in which they become delinquent, if notice of the delinquency and of the penalty is delivered within the requisite time period. The notice of delinquency and of penalty must be delivered after the applicable tax delinquency date and at least 30 days and not more than 60 days before July 1.[23] Thus, although taxes that become delinquent on June 1 are "taxes that remain delinquent on July 1," it is not possible to deliver the statutory notice *after* the June 1 delinquency date but at least 30 days *before* July 1.[24] Therefore, we conclude that the section 33.07 penalty may not be imposed against taxes that become delinquent on or after June 1 under sections 31.03, 31.031, 31.032, or 31.04 of the Tax Code.

A brief submitted to this office argues that the section 33.07 penalty should apply to delinquent taxes that become delinquent on July 1.[25] The brief concedes that because the tax did not become delinquent in the months preceding July 1, the required notice of delinquency and of the penalty would ordinarily not have been sent. However, the brief argues, because there is no reason to believe that the legislature intended to abolish the section 33.07 penalty for taxes that become delinquent on July 1, the attorney general "should carve an exception to the notice requirements under § 33.07 to allow for the 15% penalty to be added to accounts which become delinquent on July 1."[26] The brief does not provide nor do we know of any authority that would allow us to disregard the express statutory requirement that notice of delinquency and of the penalty be delivered at least 30 and not more than 60 days before July 1.

In the alternative, the brief argues, taxing units should be allowed to send the notice of delinquency and penalty within the required time period, but before taxes become delinquent. In support of this, the brief cites to the court's statement in *Salvaggio*, 752 S.W.2d at 192, that the

---

[22]This office in Attorney General Opinion JM-285 stated that "the section 33.07 penalty can attach only after the notice has been given and during the year the taxes first become delinquent[,]" and that "[t]he legislative intent, we believe, was to allow the imposition of the additional penalty only after the property owner had been specially warned of its prospective attachment (and in time to avoid its imposition)." Attorney General Opinion JM-285 (1984) at 2 (emphasis in original).

[23]In computing period of days, the first day is excluded and the last day included. Gov't Code § 311.014(a). Additionally, if the last day of any period is a Saturday, Sunday, or a legal holiday, the period is extended to include the next date that is not a Saturday, Sunday, or a legal holiday. *Id.* § 311.014(b).

[24]*See also supra* note 23.

[25]Letter from Sandra Griffin, Calame Linebarger Graham & Pena, L.L.P., to Dan Morales, Attorney General of Texas (Jan. 15, 1998) (on file with Attorney General Opinion Comm.).

[26]*Id.* at 2.

requirements of section 33.07 need not be performed in any particular order. We believe the *Salvaggio* court's statement is taken out of context and does not apply to nor support giving notice of delinquency before the applicable taxes become delinquent. In *Salvaggio*, the court set out the three separate actions that a taxing unit must take before imposing the penalty: contract with an attorney pursuant to Tax Code section 6.30; take official action to impose the penalty; and deliver notice of delinquency and of the penalty within the requisite time period.[27] The taxpayer in *Salvaggio* contended that the section 33.07 penalties assessed against him were void because the taxing unit had sent the notice prior to officially adopting the penalty and had adopted the penalty before contracting with counsel.[28] The court disagreed, stating that section 33.07 "contains no language expressly requiring that the actions be taken in any particular sequence."[29] This statement is inapposite for two reasons. First, the statement refers only to the order in which the taxing unit must take the actions at issue, namely, contracting with attorneys, taking official action, and giving notice of delinquency and of the penalty. Second, in contrast to the statutory silence with respect to the order in which those actions must be taken, section 33.07 does expressly indicate when the required notice must be delivered by stating that notice *of delinquency and of the penalty* must be delivered at least 30 days and not more than 60 days before July 1.

Lastly, the brief contends that the additional penalty authorized by section 33.07 is intended to help defray the costs of collecting delinquent taxes and that allowing taxpayers who benefit from the extended delinquency dates under sections 31.03, 31.031, 31.032, or 31.04 to escape the additional penalty for taxes delinquent on or after July 1 contradicts that intent. Thus the brief argues that the legislature intended the penalty to apply to delinquent taxes irrespective of whether they become delinquent on or after July 1.[30] However, the brief does not cite any legislative history to support this interpretation. In fact, the plain language of section 33.07 and fundamental rules of

---

[27]*Salvaggio*, 752 S.W.2d at 192.

[28]*Id.*

[29]*Id.*

[30]*See* Letter from Sandra Griffin at 3, *supra* note 25.

statutory construction belie such an interpretation. Like a court, we must interpret the statute as written:

> Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.[31]

Like a court, we must construe this statute strictly given that it imposes a penalty.[32] Section 33.07 expressly provides that "taxes that remain delinquent on July 1 of the year in which they become delinquent incur an additional penalty" and that the "collector shall deliver a notice of delinquency and of the penalty to the property owner at least 30 and not more than 60 days before July 1." A construction of section 33.07 to allow the penalty to be imposed against taxes delinquent on or after July 1 is not only contrary to the legislative "will" expressed by the plain language of the statute, but also ignores the rule that a statute imposing penalties must be strictly construed. Consequently, while it may be the case as a matter of public policy that taxpayers who enjoy the benefits of the extended delinquency dates should not escape the additional penalty for taxes delinquent on or after July 1, amendment of section 33.07 lies with the legislature and not this office.

---

[31]*Simmons v. Arnim*, 220 S.W. 66, 70 (Tex. 1920); *see also Railroad Comm'n of Tex. v. Miller*, 434 S.W.2d 670, 672 (Tex. 1968).

[32]*See supra* note 16.

## S U M M A R Y

The additional delinquent tax penalty authorized pursuant to Tax Code section 33.07 may only be imposed against taxes that become delinquent on a date at least 30 days before July 1 and that remain delinquent on July 1 of the year in which they become delinquent, if notice of the delinquency and of the penalty is delivered within the requisite time period. The notice of delinquency and of penalty must be delivered after the applicable delinquency date at least 30 and not more than 60 days before July 1. Thus, the section 33.07 penalty may not be imposed against taxes that become delinquent on or after June 1 under Tax Code sections 31.03, 31.031, 31.032, or 31.04.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Sheela Rai
Assistant Attorney General